# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**WILLIAM BLANTON** *et al.*                                                                                           **PLAINTIFFS**

**v.**                                                                                      **CIVIL ACTION NO. 5:21-CV-P131-TBR**

**JUSTIN FOWLER** *et al.*                                                                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow one claim to proceed and dismiss the other claims.

### I.

Plaintiff William Blanton is incarcerated at Kentucky State Penitentiary (KSP).[1] He sues Defendants KSP Captain Robert Harris and KSP Warden Scott Jordan in both their official and individual capacities. He sues former KSP Officer Justin Fowler and KSP Unit Administrator Rachel Hughes in their individual capacities only. He sues Kentucky Department of Corrections Ombudsman John Dunn in his official capacity only.

Plaintiff alleges that on January 19, 2021, Defendant Fowler shot him with a "X-26 dart pack for no reason." Plaintiff alleges that when he filed a grievance regarding this incident, Defendant KSP Warden Jordan refused to file the grievance. Plaintiff additionally alleges that he asked Defendant Captain Harris to investigate the assault and that Defendant Harris stated that no investigation was needed. Plaintiff alleges that after he threatened to file a civil action, Defendant Fowler was terminated and that Defendant Hughes, the acting KSP grievance coordinator, ordered

---

[1] This action was originally brought by Blanton and a co-plaintiff, but the co-plaintiff's claims were severed from this action by separate Memorandum and Order.

him to refile his grievance "per the Commissioner." Plaintiff states that Defendant Hughes then rejected his two refiled grievances for various reasons. Plaintiff alleges that he complained to Defendant Dunn regarding Defendant Hughes' actions.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.  Official-Capacity Claims**

The Court first addresses Plaintiff's official-capacity claims against Defendants Harris, Jordan, and Dunn. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

#### 1. Defendant Fowler

Upon consideration, <u>the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Fowler in his individual capacity</u>.

#### 2. Defendants Harris, Jordan, Hughes

It appears that Plaintiff seeks to hold Defendants Harris, Jordan, and Hughes liable for their role in Plaintiff's grievance process including the alleged improper rejection of his grievances and/or failure to adequately investigate the grievances he filed regarding the excessive-force incident.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("there is no inherent constitutional right to an effective grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional rights to an effective grievance procedure").

Thus, the Court will dismiss Plaintiff's individual-capacity claims against Defendants Harris, Jordan, and Hughes for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants Harris, Jordan, and Dunn are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendants Harris, Jordan, and Hughes are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED to terminate Defendants Harris, Jordan, Hughes, and Dunn as parties to this action.**

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: January 25, 2022

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal
4413.011